UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| WILMER DIXON III | DOCKET NO. 06-CV-2330 |
| VERUS | JUDGE DRELL |
| NURSE JANE DOE | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Pro se plaintiff, an inmate currently confined at the Federal Correctional Institute, Talladega, Alabama, filed this action, in forma pauperis, pursuant to 42 U.S.C. §1983 against Avoyelles Correctional Center ("AVC") Warden Lynn Cooper. Plaintiff subsequently filed an amended complaint stating that he misidentified Lynn Cooper as the defendant and asking that the named defendant be changed to "Jane Doe," Nurse at Avoyelles Correctional Center. Plaintiff alleged that he was denied medical care by Nurse Doe from September 2, 2005 to September 12, 2005. [Doc. #4, p.1]

This matter has been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 626 and the standing order of this Court.

## STATEMENT OF THE CASE

Plaintiff alleged that on September 1, 2005, to September 2, 2005, he suffered personal injury while temporarily in the custody of the Louisiana Department of Safety and Corrections at the Hunt Correctional Center following an evacuation due to Hurricane Katrina. On September 2, 2005, Plaintiff was transferred to Avoyelles Correctional Center ("AVC") at which time he notified Nurse Jane Doe that he "was experiencing pain like needles were poking [his] skin." [Doc. #1-1, p.3]

According to Plaintiff, the nurse stated that she could not treat or give any medication to an inmate who was not a prisoner at AVC unless there was a life threatening situation. [Doc. #1-1, p.3]

Plaintiff claims that the nurse's refusal to give him medical treatment caused him to "suffer with this pain for a complete week." Plaintiff further alleged, "I believe that this pain was a symptom of dehydration or caused by exposure to different weather precipitations." [Doc. #1-1, p. 3] Plaintiff is seeking five hundred thousand dollars for the alleged constitutional violation.

## LAW AND ANALYSIS

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

The court must accept as true the plaintiff's allegations and may not dismiss the complaint for failure to state a claim unless it appears beyond doubt that the plaintiff cannot prove any set of facts in support of his claim which would entitle him to relief. Boudeloche v. Grow Chemical Coatings Corp., 728 F. 2d 759 (5th Cir. 2 1984).

Plaintiff also filed suit in the Middle District of Louisiana on December 13, 2006, regarding the conditions to which he was exposed during the twenty-four hours spent at Hunt Correctional

following Hurricane Katrina.[1] That suit was dismissed under 28 U.S.C. §1915(e)(2)(B). In that case, the Court stated:

> "It is well settled that in § 1983 cases, federal courts look to the most consonant statute of limitations of the forum state. See Owens v. Okure, 488 U.S. 235, 109 S.Ct. 573 (1989); Kitrell v. City of Rockwall, 526 F.2d 715, 716 (5th Cir.), cert. denied, 426 U.S. 925 (1976). For § 1983 cases brought in Louisiana federal courts, the appropriate statute of limitations is one year. Louisiana Civil Code Article 3492; Elzy v. Roberson, 868 F.2d 793 (5th Cir. 1989); Washington v. Breaux, 782 F.2d 553 (5th Cir. 1986); Kissinger v. Foti, 544 F.2d 1257, 1258 (5th Cir. 1977)." Wilmar Dixon (# 29334-034) v. Cornel H. Hubert, 06-cv-952 (MDLA 12/13/06).

Plaintiff signed his complaint on December 4, 2006 and it was filed on December 13, 2006. Therefore, any claims the plaintiff had against this defendant regarding acts which occurred prior to December 4, 2005 have prescribed.

Moreover, a § 1983 complaint must plead specific facts and allege a cognizable constitutional violation in order to avoid dismissal for failure to state a claim. Brinkmann v. Johnston, 793 F.2d 111 (5th Cir. 1986). Plaintiff erroneously named Warden Lynn Cooper as the defendant, but amended to replace Warden Cooper with Nurse Jane Doe of AVC. Still, even as to Nurse Jane Doe, Plaintiff has failed to allege any facts against the nurse which rise to the level of a constitutional violation. To state a denial of medical care claim under § 1983, a prisoner must allege "acts or omissions sufficiently harmful to evidence **deliberate indifference to serious medical needs.**"

---

[1] Plaintiff alleged that during his 24 hour stay at the Hunt facility, "he was given only two sandwiches to eat, was not provided private bathroom facilities, was not provided dry clothing and was subjected to heat, rain and insects during his stay." Wilmar Dixon (# 29334-034) v. Cornel H. Hubert, 06-cv-952 (MDLA 12/13/06).

Estelle v. Gamble, 429 U.S. 97 (1976)(emphasis added). A plaintiff must prove "objectively that he was exposed to a substantial risk of serious harm," and that "jail officials acted or failed to act with deliberate indifference to that risk," which requires actual knowledge and deliberate disregard. Victoria W. v. Larpenter, 369 F.3d 475, 483 (5th Cir. 2004), *quoting* Lawson v. Dallas County, 286 F.3d 257, 262 (5th Cir. 2002).

The plaintiff has not set forth factual allegations indicative of deliberate indifference or a serious medical need. Because it is clear that the plaintiff's claims have no arguable basis in fact or in law and the allegations fail to state a claim, the complaint should be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

## CONCLUSION

For the reasons discussed herein, Plaintiff's claim against Nurse Jane Doe and/or Warden Cooper should be DENIED and DISMISSED as frivolous and for failing to state a claim for which relief can be granted.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services**

Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Alexandria, Louisiana, this _____ day of _____, 2007.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE